FILED
SUPERIOR COURT
OF GUAM

2019 AUG 29 AM 11: 19

CLERK OF COURT

By: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DFS GUAM L.P., | CIVIL CASE NO.: CV0307-16 |
| PLAINTIFF, | |
| vs. | DECISION AND ORDER |
| THE A.B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM | |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 10, 2019, for a hearing to determine (1) whether the Guam Supreme Court's recent opinion *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6, rendered this matter moot; and (2) whether Defendant A.B. Won Pat International Airport Authority's ("GIAA") misrepresentation to the Court, as found in this Court's Decision and Order issued May 14, 2019, rises to the level of contempt and warrants sanctions. Attorney G. Patrick Civille appeared on behalf of DFS Guam L.P. ("DFS"). Attorney Genevieve Rapadas appeared on behalf of GIAA. Upon review of the written and oral arguments and legal authorities, the Court hereby finds that the matter is not moot. However, the Court finds that GIAA's conduct is not contemptuous. Sanctions are therefore inappropriate at this time.

## BACKGROUND

This matter stems from several procurement protest cases involving DFS and GIAA.[1] During the course of litigation in the procurement cases, DFS submitted to GIAA several discovery requests pursuant to the Sunshine Reform Act of 1999 ("Sunshine Act"). In response, GIAA served on DFS over 11,900 pages of documents.

On April 11, 2016, DFS initiated the instant case by filing a Complaint for Declaratory and Injunctive Relief under the Open Government Law ("OGL") and Sunshine Act. A First Amended Complaint was filed on June 9, 2016. DFS alleges the following:

> GIAA and the GIAA Board violated the OGL by failing to make and maintain, or failing to make and maintain in accordance with the requirements of law, minutes and verbatim recorded and written transcripts of certain of GIAA Board's executive and closed sessions and meetings during the period from July 11, 2012 through January 28, 2016. Alternatively, if such records exist, GIAA, the GIAA Board, and [Charles] Ada violated the OGL and Sunshine Act by failing to make these documents publicly available, as required by law, and refusing to produce these documents in response to DFS's requests made on July 7, 2015, August 12, 2015, and March 8, 2016.

First Am. Compl. at 2 (June 9, 2016).

Both parties moved for summary judgment, and the Court issued a Decision and Order on the motions on June 26, 2017. June 26 D&O. In that Decision and Order, the Court found that GIAA violated Section 8111 of the OGL by failing to disclose public documents in its response to DFS's Sunshine Request sent on July 7, 2015. *Id.* at 12. The documents referred to are specific transcripts of GIAA's executive sessions from 2012 to 2014. As a result, the Court found that DFS was "entitled to partial summary judgment on its Fifth and Ninth Causes of Action for Declaratory Relief, but *only* with respect to the Missing Session Transcripts for the Closed Executive Sessions held in 2012, 2013, and 2014." *Id.* (emphasis in original). However, the Court denied two of DFS's other claims (the Sixth and Tenth Causes of Action for injunctive relief), holding that DFS was not entitled to the executive session transcripts as they were sealed by order of Judge Bordallo of the Superior Court of Guam. *Id.* at 17-18. The Court also denied the remainder of DFS's partial motion for summary judgment. *Id.* at 14, 18-19.

Pursuant to the findings in the June 26, 2017 Decision and Order, the Court issued a Judgment on January 10, 2018. As required by the OGL, the Judgment provided that the Court

---

[1] The procurement protest cases are CV0943-14, CV0094-15, and CV0198-15.

would retain jurisdiction over the parties and subject matter of the OGL case for a period of one year from the date of final judgment. Judgment (Jan. 10, 2018); 5 GCA § 8115(f). The OGL requires that the Court shall order the defendants to report in writing twice annually regarding their compliance with the OGL. 5 GCA § 8115(f). On July 3, 2018, GIAA submitted its First Compliance Report, in which it states that it is in compliance with 5 GCA § 8115(c)(7). First Compliance Report (July 3, 2018). DFS did not file an objection to the First Compliance Report.

On November 20, 2018, DFS served a request to GIAA's Executive Director requesting that GIAA provide DFS with, among other things, "[c]opies of all tapes and transcripts of the executive session meeting of the A.B. Won Pat International Airport Authoirty, Guam's Board of Directors held on April 26, 2018." Civille Decl., Ex. B (Dec. 14, 2018). On November 28, 2018, GIAA responded in a letter to DFS refusing to produce the requested copies of "all tapes and transcripts" of the executive session for the following reasons: (1) "GIAA currently does not have in its possession the [April 26 Transcript];" (2) the document is exempted from disclosure under 5 GCA § 10108(a); and (3) "GIAA intends to seek a court order to further seal the executive session transcript pursuant to 5 GCA § 8111 once GIAA is in receipt of the transcript." *Id.* Ex. C.

On December 4, 2018, GIAA filed its Second Compliance Report, again stating that it is in compliance with 5 GCA § 8115(c)(7). Second Compliance Report (Dec. 4, 2018). On December 14, 2018, DFS filed its Objection to GIAA's Second Report. DFS argued that GIAA is not in compliance with 5 GCA § 8115(f), citing GIAA's refusal to produce the April 26 Transcript. DFS further moved for an order to show cause why GIAA should not be held in contempt for filing a false Compliance Report with the Court. Objection to Second Report (Dec. 14, 2018). GIAA responded to DFS's Objection and argued that GIAA did not violate the OGL, as GIAA did not have possession of the April 26 Transcript until after DFS had filed its Sunshine Request. Opp'n to Obj. at 3 (Jan. 11, 2019).

On January 28, 2019, while DFS's Motion for an Order to Show Cause was pending before this Court, Judge Bordallo issued a Decision and Order in SP0102-15 in which he sealed the transcript of an executive session held on April 26, 2018, ("April 26 Transcript") pursuant to the OGL and GIAA's Ninth Supplemental Petition. Judge Bordallo ruled that the portions of the April 26 Transcript would be sealed subject to this Court's decision, and that if this Court decided to unseal those portions as a contempt sanction then his sealing order would be vacated. SP0102-15 D&O at 5 (Jan. 28, 2019).

On May 14, 2019, the Court issued a Decision and Order in which it found that GIAA's Second Compliance Report was misleading on the basis that the Second Compliance Report was filed over six months after the date of the April 26 Executive Session, the April 26 Transcript had not been released, and yet GIAA stated that it was in compliance with the OGL. May 14 D&O.

On June 12, 2019, the Supreme Court of Guam issued an opinion in CVA17-030 which vacated this Court's Judgment issued January 10, 2018, which had created the requirement that GIAA submit Compliance Reports twice annually to the Court.

On July 3, 2019, the Court issued a Bench Order requiring the parties to submit briefs to determine whether the Supreme Court's recent Opinion rendered the issue of contempt moot, and if the issue is not moot, whether GIAA's misrepresentation was sufficient to hold GIAA in contempt. The Court held a hearing on these matters on July 10, 2019, and subsequently took the matter under advisement.

## DISCUSSION

### a. The Supreme Court's Opinion has not rendered this Court's May 14 Decision moot.

The Guam Supreme Court has vacated the January 10 Judgment which includes the requirement that "GIAA shall report in writing twice annually to the Court of its compliance with the Open Government Law, in accordance with 5 GCA § 8115(f)." GIAA's lack of candor in attempting to satisfy this reporting requirement was the Court's basis for the May 14 Decision, which ordered GIAA to show cause why it should not be held in contempt. GIAA argues that the Supreme Court's decision renders the issue of contempt moot.

As a preliminary matter, the Court must clarify the precise basis for the order to show cause. In its May 14 Order, the Court made clear that the order to show cause was not issued due to noncompliance with the OGL, but instead due to GIAA's lack of candor. "Regardless of the underlying reasons for noncompliance, GIAA was capable of informing the Court that the April 26 Transcript had not been released over six months after the meeting, but instead chose to file a misleading compliance report." May 14 D&O at 8.

GIAA has provided the Court with case law to support its argument that the validity of a contempt adjudication is based on the legitimacy of the underlying order. *Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 675 (9th Cir. 1981); *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003) (citing *Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390 (9th Cir. 1991). "[O]nce an injunction in a civil case has been invalidated, rights granted under the injunction no longer

exist and cannot be enforced. *Hampton Tree Farms, Inc. v. Yeutter*, 956 F.2d 869, 871 (9th Cir. 1992). The order to show cause was not, however, issued due to noncompliance with a specific order, but instead due to a lack of candor associated with GIAA's misinterpretation of the OGL. GIAA's obligation to make truthful representations to the court exists independently of any court order. "[F]ederal courts have 'well-acknowledged inherent power to levy sanctions in response to abusive litigation practices'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 135 (2d Cir. 1998). The Guam Supreme Court has further stated that misrepresentation can lead to a finding of contempt without an underlying order being specifically violated, warning that a litigant "walks on a razor's edge of a separate contempt proceeding for making what appear to be deliberately misleading arguments bordering on misrepresentation." *People v. Tennessen*, 2011 Guam 2 ¶ 4 n.3. Because GIAA has a duty of candor to the Court which exists at all times independently of any other Court-imposed obligations, the Court finds that the May 14 Decision is not rendered moot by the vacatur of the January 10 Judgment.

**b. GIAA's conduct in filing the Second Compliance Report does not rise to the level of contempt.**

Title 7 GCA § 34101 sets forth the specific "acts or omissions" constituting contempt of court. Among the prescribed "acts" and "omissions" include:

> 3. Misbehavior in office, or other willful neglect or violation of duty by an attorney, counsel, clerk, commissioner, or other person, appointed or elected to perform a judicial or ministerial service;
> 4. Abuse of the process or proceedings of the court, or falsely pretending to act under authority of an order or process of the court.
> 5. Disobedience of any lawful judgment, order, or process of the court.

7 GCA § 34101.

Contempt can be found only where there is a violation of a "clear and unambiguous" order. *Powell v. Ward*, 643 F.2d 924, 931 (2nd Cir. 1981); *see also Sorenson v. Superior Court of Santa Barbara Cty.*, 269 Cal. App. 2d 73, 78, *amended*, 276 Cal. App. 2d 131 (1969) ("The party bound by an injunction must be able to determine from its terms what he may and may not do; he cannot be held guilty of contempt for violating an injunction that is uncertain or ambiguous, just as he may not be held guilty of violating a criminal statute that fails to give him adequate notice of the prohibited acts." (internal citations omitted)). Courts must be especially cautious when considering contempt in cases such as the present matter, where the Court's contempt authority is based upon a

lack of candor as opposed to a violation of a specific order. "Because of the potency of the court's inherent power, courts must take pains to exercise restraint and discretion when wielding it." *DLC Mgmt. Corp.*, 163 F.3d 124, 136 (2d Cir. 1998).

The reporting requirement of the January 10 Order, which used language derived directly from the OGL, states that "GIAA shall report in writing twice annually to the Court of its compliance with the Open Government Law, in accordance with 5 GCA § 8115(f)." In order to comply with the reporting requirement, GIAA was tasked with making a determination of whether it was in compliance with the OGL. While the Court continues to find that GIAA should have been forthcoming regarding its potential noncompliance with the OGL at the time it filed its Second Compliance Report, the Court finds that the language of the reporting requirement did not clearly require such an analysis. Because the reporting requirement lacks any language to suggest that GIAA should have stated possible objections to the Second Compliance Report, the Court finds that a finding of contempt would be an excessively severe measure given the facts of this case.

Further, as correctly pointed out by GIAA, the question of the six-month sealing period's start date had not been determined at the time GIAA filed its Second Compliance Report, and actually remains unclear. While this Court held that the sealing period begins on the date of the meeting in question, the Guam Supreme Court has indicated that may or may not be the case. The recent Supreme Court decision first states the following: "Under the first sentence of section 8111(c)(7), a closed-door executive session transcript becomes a 'public document' by operation of law six months *after its creation*, unless a court order 'further seal[s]' the transcript." *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6 ¶ 37 (emphasis added). The opinion later suggests a different interpretation: "We hold that the trial court did not have authority under section 8111(c)(7) to make a public document 'unpublic,' by putting executive session transcripts under seal once the initial seal lapsed due to GIAA's failure to seek a continued sealing order *within six months of the executive session*." *Id.* at ¶ 42 (internal citation omitted) (emphasis added). Due to this ambiguity, the Court is unable to determine whether GIAA's failure to produce the executive session transcript within six months of the executive session was a violation of the OGL. While the Court maintains that GIAA's Second Compliance Report should have informed the Court of the status of the April 26 Transcript, the Court also notes that the recent Supreme Court decision suggests that GIAA's assertion of compliance was reasonable, if not correct. Again, the Court

notes that the reporting requirement of the January 10 Judgment did not indicate that GIAA must identify potential objections to the compliance reports.

DFS has provided the Court with several cases to support its argument that GIAA's misrepresentation is contemptuous. The Court finds the cases cited by DFS distinguishable from the case before us, as the cases provided involve clear, factual lies. In *In re Aguilar*, 34 Cal. 4th 386 (2004), two attorneys informed the court that they were unaware of certain proceedings, and these statement were demonstrated to be unambiguously false. "We agree with the State Bar Court's findings that Aguilar repeatedly lied to this court when he stated, both in written documents filed in this court and in oral statements made before the court, that he was unaware of the time and date of the scheduled oral argument." *Id.* at 392. GIAA's Second Compliance Report, while misleading and concerning to the Court, was not nearly as deficient as Aguilar's repeated lies about a clear-cut factual scenario.

DFS also cites to *Bryan v. Bank of America*, 86 Cal. App. 4th 185 (2001), where an attorney filed a sworn declaration in which he stated that (1) he was unable to notify opposing counsel of his requests for extensions of time and (2) he had contacted his client and obtained her permission for his request to extend time. *Id.* at 189. The reviewing court found both of these statements to be misrepresentations punishable by sanctions. Similarly to the other cases cited by DFS, such misrepresentation did not involve any suspect interpretation of law or a failure to disclose relevant facts, but instead was a deliberate lie. *In re Aguilar*, 34 Cal. 4th 386, 392, 97 P.3d 815, 819 (2004). Again, while the Court has previously noted its concern with GIAA's lack of candor in the Second Compliance Report, the Court cannot equate such lack of candor to blatant lies.

Considering the Guam Supreme Court's recent reversal of lower court decisions in this matter, coupled with the Supreme Court's mixed signals regarding the starting date of the sealing period, the Court finds that the legal framework regarding the OGL and the Sunshine Act is unsettled and continuing to develop. For this reason, a finding of contempt based upon a party's interpretation of such laws is inappropriate. The Court maintains its concern regarding GIAA's lack of candor in the Second Compliance Report, but finds that GIAA's conduct falls short of contempt.

## CONCLUSION

The Court hereby finds that GIAA is not in contempt and sanctions are inappropriate at this time.

SO ORDERED ___8/29/19___.


_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Civille + Tang;
Blair Sterling Johnson
Martinez
Date: 8/28/19 Time: 11:20am

_____
Deputy Clerk, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Calvo Fisher & Jacob
Fisher & Associates
Date: 8/28/19 Time: 11:20am

_____
Deputy Clerk, Superior Court of Guam

CV0307-16, DFS v. GIAA
DECISION AND ORDER